IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ROBERT RALPH DIPIETRO, | : |
| Plaintiff, | : |
| v. | : |
| | : No. 4:20-cv-00035-CDL-MSH |
| LARETHA URETT LOCKHART, *et al.*, | : |
| Defendants. | : |

**ORDER**

Plaintiff Robert Ralph Dipietro, an inmate currently confined at Rutledge State Prison in Columbus, Georgia, filed a *pro se* civil rights complaint (ECF No. 1) raising claims pursuant to 42 U.S.C. § 1983. Plaintiff's claims concern dental treatment for his toothache administered by Georgia Department of Corrections ("GDC") officials. *See* Compl. 5-7. Pending before the Court is Plaintiff's "Motion to [P]revent [R]etaliation" (ECF No. 15). Plaintiff's motion is denied.

In his motion, Plaintiff states that he "is well aware of retaliation against inmates for bringing civil actions such as this case and is very concerned for his health and well being." Motion to Prevent Retaliation 1, ECF No. 15. He raises concerns about two instances of potential

retaliation: (1) a counselor told Plaintiff that he had been denied parole in July and September 2020 because he filed lawsuits, and (2) Plaintiff has been denied transfers, and he believes the denials resulted from his lawsuits. *Id.* at 1-2. Plaintiff, however, does not seek to amend his complaint. Nor does he even allege any claim for specific relief concerning these allegations. Accordingly, the Court has no justiciable claim before it regarding any past acts of alleged retaliation and thus no authority to act upon these general concerns expressed by Plaintiff.

Plaintiff does "ask this Court to protect him from retaliation in the future." *Id.* at 2. Specifically, Plaintiff requests the following: (1) prevention from being transferred to a "bad camp," (2) a permanent dental filling from a dentist other than Defendant Lockhart, (3) protection from any "arbitrary searches and shake downs, where legal materials are lost and destroyed," (4) protection to prevent prison staff from paying inmates to physically assault him, and (5) future work assignments from GDC officials. *Id.* at 2-3.

The Court construes these allegations as claims for

2

preliminary injunctive relief. Because it is clear that Plaintiff is not entitled to the injunctive relief he seeks, the Court denies his motion without receiving Defendants' response to it. To obtain preliminary injunctive relief, Plaintiff must establish the following: (1) he has a substantial likelihood of succeeding on the merits; (2) he faces an imminent and substantial threat of irreparable harm unless relief is granted; (3) that the threatened injury to Plaintiff outweighs the harm the relief may cause Defendants; and (4) the relief is not against the public interest. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to all four elements." *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1326 (11th Cir. 2001) (internal quotations, alterations, and citations omitted). Before he is entitled to an evidentiary hearing on his motion, his complaint and motion must at a minimum allege facts, which if true, would satisfy the elements for preliminary injunctive relief.

Plaintiff fails to allege facts supporting the essential

3

elements of a claim for preliminary injunctive relief. First, Plaintiff has not alleged facts showing that he is likely to succeed on the merits of his deliberate indifference claim concerning his dental treatment. Second, Plaintiff's allegations fail to show that he will suffer an irreparable harm or that any harm is imminent and substantial. An irreparable harm "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam) (internal quotation marks omitted). Here, Plaintiff requests relief for future instances of potential retaliation. Motion to Prevent Retaliation 2-3. Under Plaintiff's own characterization, none of the concerns for which he seeks relief have come to fruition. These potential future harms are not "actual and imminent," and, therefore, Plaintiff is not entitled to preliminary injunctive relief. Because Plaintiff has failed to allege facts supporting a claim for preliminary injunctive relief, his "Motion to [P]revent [R]etaliation" is denied.

SO ORDERED, this 2nd day of November, 2020.

S/Clay D. Land
UNITED STATES DISTRICT JUDGE

4