IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **ROBERT RALPH DIPIETRO,** | : |
| Plaintiff, | : |
| v. | : No. 4:20-cv-00035-CDL-MSH |
| **LOCKHART,** *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff Robert Ralph Dipietro, a prisoner in Rutledge State Prison in Columbus, Georgia, has filed a motion for reconsideration of this Court's November 3, 2020, order adopting the United States Magistrate Judge's recommendation that certain parties be dismissed from this case. Mot. for Recons., ECF No. 26. In particular, Plaintiff objects to the dismissal of Defendant Medical Director Sharon Lewis. *See id.*

Plaintiff's motion appears to be in the nature of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) (recognizing that the courts routinely treat post-judgment motions for reconsideration as Rule 59(e) motions). Newly-discovered evidence or manifest errors of law or fact are the only grounds for the Court to grant a Rule 59 motion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Such a motion is not appropriate for relitigating old matters or for raising arguments or presenting evidence that could have been raised before the Court entered judgment. *Id.*

Motions for reconsideration under the Local Rules are treated similarly. In this

regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Here, Plaintiff asserts that he had a claim against Lewis because she knew about his condition insofar as he had filed a grievance, which Lewis had denied. Mot. for Recons., ECF No. 26. Plaintiff also asserts that he wrote Lewis a letter detailing his issues, and he states that she never responded to the letter. Mot. for Recons., ECF No. 26. This argument does not meet the standards for granting a motion to alter or amend the judgment under Fed. R. Civ. P. 59 or a motion for reconsideration under Local Rule 7.6. As an initial matter, Plaintiff previously asserted these allegations in his objection to the Magistrate Judge's report. And as noted above, a motion for reconsideration is not appropriate for relitigating matters previously raised.

Moreover, Plaintiff's assertion that he filed a grievance and wrote a letter do not show that Lewis was actually aware that Plaintiff had a serious medical need which put him at risk of harm. *See Smith v. Prine*, 2012 WL 2308639, at *4 (M.D. Ga. May 2, 2012) (collecting cases for the proposition that filing grievances and letters to supervisors, without more, is not sufficient to show that a supervisor had knowledge of a risk of harm to a plaintiff). Thus, Plaintiff's motion does not show any clear error of law or of fact in

this Court's conclusion that Plaintiff failed to state a claim against Lewis for deliberate indifference to a serious medical need.  *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (explaining that, to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need).

As Plaintiff has provided no basis for the Court to reconsider its previous order, his motion for reconsideration (ECF No. 26) is **DENIED**.

**SO ORDERED**, this 2nd day of December, 2020.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA