**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

ROBERT RALPH DIPIETRO,      :
                                 :
            Plaintiff,        :
                                 :
            v.             :
                                 :    No. 4:20-cv-00035-CDL-MSH
LOCKHART, *et al.*,            :
                                 :
            Defendants.   :
_____:

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Robert Ralph Dipietro, an inmate currently confined at Rutledge State Prison ("RSP") in Columbus, Georgia, has filed a *pro se* complaint (ECF No. 1) raising claims pursuant to 42 U.S.C. § 1983.   Pending before the Court is Defendant's motion to dismiss (ECF No. 28).   For the hereinbelow reasons, the Court recommends that Defendant's motion be denied.

## BACKGROUND

Plaintiff's claims arise from his dental treatment at RSP.   According to Plaintiff, in June 2017, he visited Defendant Dr. Latetha Lockhart because he had a toothache.   Compl. 6, ECF No. 1.   Defendant Lockhart told Plaintiff he was "fine" and provided him Ibuprofen.   *Id.*   Approximately one week later, Plaintiff's tooth broke, causing him more pain.   *Id.*   He submitted sick call requests to see Defendant Lockhart again, but she denied his requests.   *Id.*   In July 2017, Plaintiff filed a grievance related to his dental treatment, but the grievance was denied, and he did not receive treatment.   *Id.*   Plaintiff's toothache caused "constant pain in [his] face, neck[,] and head, often severe" and he had difficulty

"eating, sleeping, and really doing anything for about a year and a half." *Id.* His tooth was repaired "around the end of 2018 or [the] beginning of 2019." Compl. 6. He requests $100,000 in compensatory damages and $50,000 in punitive damages. *Id.* at 7.

The Court received Plaintiff's complaint (ECF No. 1) on February 26, 2020. At this stage, only Plaintiff's claim against Defendant Lockhart for deliberate indifference to a serious medical need remains. Order & R. 3-6, Aug. 25, 2020, ECF No. 10; Order 1, Nov. 3, 2020, ECF No. 25 (adopting recommendation). Defendant filed her motion to dismiss (ECF No. 28) on December 15, 2020. The Court received Plaintiff's response (ECF No. 34) on January 25, 2021. Defendant replied (ECF No. 36) on February 9, 2021. The Court received Plaintiff's unauthorized surreply (ECF No. 37) on February 19, 2021. Defendant's motion is ripe for review.

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint on three grounds: (1) Plaintiff's claims are barred by the statute of limitations, (2) Plaintiff fails to state a claim, and (3) Plaintiff is not entitled to punitive damages. Br. in Supp. of Mot. to Dismiss 3-10, ECF No. 28-1. The Court recommends that Defendant's motion be denied.

## I. Standard of Review

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."   *Twombly*, 550 U.S. at 555.   "[A] formulaic recitation of the elements of a cause of action will not do[.]"   *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'"   *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## II.   Statute of Limitations

Defendant argues Plaintiff's claim should be dismissed because Plaintiff untimely filed his complaint after the applicable limitations period had ended.   Br. in Supp. of Mot. to Dismiss 5-7.   The Court disagrees.

### A.   Statute of Limitations Standard

It is well settled that the forum state's limitation period applicable to personal injury actions is applied to an action brought pursuant to § 1983.   *Wallace v. Kato*, 549 U.S. 384, 386 (2007).   The Georgia statute of limitations for personal injury is two years.   O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years.").   A statute of limitations begins to run

when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted).

      B.    <u>Defendant's Motion</u>

Defendant argues that Plaintiff untimely filed his complaint more than two years after his cause of action accrued, and his complaint should, therefore, be dismissed under the statute of limitations.   Br. in Supp. of Mot. to Dismiss 5-7.   Plaintiff responds that he timely filed his complaint because he is entitled to tolling of the accrual date pursuant to the continuing violation doctrine.   Resp. to Mot. to Dismiss 3-9, ECF No. 34.   The Court finds that Plaintiff filed his complaint more than two years after his cause of action otherwise accrued, but his complaint was not untimely because he is entitled to tolling pursuant to the continuing violation doctrine.

      *1.    Accrual of Plaintiff's Cause of Action*

Defendant argues that Plaintiff's cause of action accrued, at the latest, when he filed his grievance concerning his dental treatment on June 30, 2017, and that Plaintiff failed to timely file his complaint within the two-year statute of limitations.   Br. in Supp. of Mot.to Dismiss 6-7.

Plaintiff's claim arises from dental treatment for his toothache which developed in May or June 2017.   Compl. 6; Resp. to Mot. to Dismiss 4, ECF No. 34.   Plaintiff had multiple appointments with Defendant thereafter, but Defendant denied him treatment.

Resp. to Mot. to Dismiss 3-6; *see also* Compl. 6.   He filed a prison grievance concerning his lack of treatment on June 30, 2017.   Compl. 6; Mot. to Dismiss Ex. 3, at 7-8, ECF No. 28-5.   Therein, he states that he had an appointment with Defendant concerning his toothache, and she said his teeth were fine.   Mot. to Dismiss Ex. 3, at 8.   He complains that his tooth broke on June 28, 2017, he experienced "sevear [sic] tooth aches and related headaches," and he "need[ed] to be treated right away as the pain [was] getting worse each time [he] [ate]."   *Id.*   Plaintiff filed his complaint on February 19, 2020.[1]   Compl. 7.

Based on Plaintiff's grievance and his own testimony that he complained about his tooth pain and lack of dental treatment, his cause of action should have been apparent to him and accrued, at the very latest, when he filed grievance 247738 on June 30, 2017. *Lovett*, 327 F.3d at 1182; *see also Shaffer v. Bryson*, 5:18-cv-459-TES-MSH, R. & R. 9-10 (M.D. Ga. Jan. 22, 2021), ECF No. 71, *recommendation adopted by* Order 1 (M.D. Ga. Feb. 9, 2021), ECF No 72 (holding that inmate plaintiff's cause of action concerning his denial of medical treatment accrued, at the latest, on the date he filed his grievance concerning his denial of treatment).   Plaintiff filed his complaint on February 19, 2020—more two years later.   Compl. 7.

---

[1]   Although the Court did not receive Plaintiff's complaint until February 26, 2020, he signed the complaint on February 19, 2020.   "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."   *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted).   "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it."   *Id.*

## 2.    *Continuing Violation Doctrine*

Plaintiff argues he timely filed his complaint because he is entitled to tolling of his accrual date and the limitations period under the continuing violation doctrine.   Resp. to Mot. to Dismiss 3-9.   The Court agrees.

Under the continuing violation doctrine, a plaintiff may pursue an otherwise time-barred claim when additional violations underlying the claim occur within the statutory limitations period.  *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir. 2001) (per curiam) (citations omitted).   "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does."  *Knight v. Columbus, Ga.*, 19 F.3d 579, 580-81 (11th Cir. 1993) (internal quotations, alterations, and citations omitted); *see also Lovett*, 327 F.3d at 1183.   "Where a continuing violation is found, the plaintiff[] can recover for any violations for which the statute of limitations has not expired."  *Id.* at 581.   "[A]n allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided."  *Baker v. Sanford*, 484 F. App'x 291, 293 (11th Cir. 2012) (per curiam) (internal quotations and citation omitted).

The Eleventh Circuit, however, has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred."  *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006) (per curiam).   "The continuing violation

doctrine is premised on the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Hipp*, 252 F.3d at 1222 (internal quotations and citations omitted). For this reason, "[i]f an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine." *Ctr. for Biological Diversity*, 453 F.3d at 1335.

Plaintiff argues that under the continuing violation doctrine, his cause of action did not accrue until either (1) August 2018 when his pain had worsened, or (2) February 2019 when he received treatment for his tooth. Resp. to Mot. to Dismiss 3-9. He contends Defendant misled him at each appointment by telling him his tooth did not require additional treatment. *Id.* at 6. According to Plaintiff, each denial of treatment at an appointment constituted a new violation which restarted the statute of limitations. *Id.* at 8-9. He also maintains "that a reasonable person would have not known there was a cause of action until Aug[ust] 2018" because he had not received treatment for over a year despite his many requests, his pain continued to worsen, and he filed a second grievance which was denied because it was duplicative of his first grievance. *Id.* at 6-8.

Defendant argues that Plaintiff is not entitled to tolling under the continuing violation doctrine because his multiple requests for treatment and pursuit of a grievance show that he was aware of his cause of action before the two-year limitations period expired. Reply 2-4, ECF No. 36. Plaintiff, however, cites cases where courts have

7

applied the continuing violation doctrine to permit plaintiffs to pursue claims concerning repeated denials of medical treatment by holding that their causes of action did not accrue until they received treatment even if they should have known they had actionable claims earlier.   Resp. to Mot. to Dismiss 5-6.   Plaintiff cites the Eleventh Circuit's application of this rule in its unpublished opinion in *Baker v. Sanford*, 484 F. App'x 291 (11th Cir. 2012) (per curiam).   In *Baker*, plaintiff filed a complaint raising a deliberate indifference claim based on the prison's denial of medical treatment for a fungal infection between 2003 and 2011, including alleged denials of treatment which occurred outside the two-year limitations period.   *Baker*, 484 F. App'x at 292-93.   Plaintiff "specifically requested medical treatment for his ongoing fungal infection multiple times in 2007 and 2010" and filed prison grievances seeking treatment.   *Id.* at 293.   The district court *sua sponte* dismissed plaintiff's complaint, finding that his claims were barred by the statute of limitations.   *Id.* at 293.

The Eleventh Circuit reversed in an unpublished opinion, holding that plaintiff's claims were timely by applying the continuing violation doctrine.   *Id.*   The Eleventh Circuit held that plaintiff "properly alleged that the prison officials' prolonged failure to provide adequate medical treatment despite his repeated grievances constituted a continuous injury during the statute of limitations period."   *Id.*   As a result, under the continuing violation doctrine, plaintiff's claim did "not accrue until the date medical attention [was] provided."   *Id.* (quoting *Lavelle v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980)); *see also Robinson v. United States*, 327 F. App'x 816, 818-19 (11th Cir. 2007) (per

curiam) (holding that defendant "continuing to expose [plaintiff] to the source of his scabies after he was diagnosed was a continuing violation of [his] rights" without discussing whether plaintiff was aware of a potential claim within the limitations period). The Court did not discuss whether "a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Ctr. for Biological Diversity*, 453 F.3d at 1335.

Plaintiff also points to cases in which district courts in the Eleventh Circuit have cited *Baker* in applying the continuing violation doctrine in this manner. In *Edwards v. Clark*, No. CV 316-019, 2018 WL 2323465 (S.D. Ga. May 22, 2018), an inmate filed a complaint in March 2016 alleging that defendants were deliberately indifferent to his dental needs by failing to provide him dentures between May 2012 and his transfer to a different prison in May 2015. *Edwards*, 2018 WL 2323465, at *1, 3. The Southern District of Georgia applied the continuing violation doctrine because "[p]laintiff [did] not complain of the consequences of a one-time denial of dentures; rather, he complain[ed] of continued and repeated denials and delays of dentures throughout the three-year period." *Id.* at *4. Without discussing whether Plaintiff should have been aware of an actionable cause of action within the limitations period, the Southern District held that plaintiff's denials of treatment outside the two-year limitations period were actionable. *Id.*

In *Vieux v. Fed. Bureau of Prisons*, No. 1:12-cv-00017-MHH-HGD, 2016 WL 4070138 (N.D. Ala. July 29, 2016), plaintiff filed an administrative complaint under the Federal Tort Claims Act in November 2011, raising a medical malpractice claim based on

a defendant prison doctor's failure to treat dental issues with two of his teeth.   *Vieux*, 2016 WL 4070138, at *5-6.   Plaintiff requested treatment for his teeth beginning in August 2009, the first tooth was extracted in December 2010, but issues with the second tooth were not resolved.   *Id.*   The Court did not determine whether plaintiff's cause of action should have been apparent to him, but held that his complaint was timely under the statute of limitations because his claim as to the first tooth accrued when it was extracted, and his claim as to the second tooth had not yet accrued.   *Id.* at *6.

*Baker*—and other decisions relying thereon—is specific to claims arising from deprivations of medical treatment, and this Court has similarly applied *Baker* to such cases without discussing whether a plaintiff reasonably should have known that his claim was actionable within the limitations period.   For example, in *Brown v. Roberts*, No. 5:09-cv-117-MTT, 2010 WL 1258028 (M.D. Ga. Mar. 26, 2010), an inmate plaintiff raised deliberate indifference claims alleging a defendant failed to order medical treatment recommended by another physician and failed to arrange plaintiff's medical appointments. *Brown*, 2010 WL 1258028, at *2.   Plaintiff filed his complaint more than two years after the alleged denials of medical treatment began, and he was transferred to a different prison less than two years before he filed his complaint or received medical treatment.   *Id.* Without discussing whether plaintiff's cause of action should have been apparent to him within the standard limitations period, this Court applied the continuing violation doctrine to hold that plaintiff's claims were timely because he alleged a "continuing violation that did not end until he was transferred to another prison[,]" outside the care of the named

10

defendant. *Id.* In *Carswell v. Rogers*, No. 5:14-CV-0437-MTT-MSH, 2016 WL 1237860 (M.D. Ga. Feb. 5, 2016), *recommendation adopted in part by* 2016 WL 1249602, at *1-3 (M.D. Ga. Mar. 29, 2016), an inmate plaintiff filed a complaint in December 2014 raising deliberate indifference claims based on defendant physicians' failure to diagnose or treat a growth on his ear beginning in 2010. *Carswell*, 2016 WL 1237860, at *1. Eventually, plaintiff's condition necessitated surgical removal and reattachment of his ear in 2013. *Id.* The Court applied the continuing violation doctrine and held that plaintiff's complaint was timely to the extent he raised claims beginning in 2010 because his cause of action accrued when his ear was removed and reattached in 2013. *Id.* at *5-6.

In other cases, however, this Court has not cited *Baker* in holding that a plaintiff may not take advantage of the continuing violation doctrine where the plaintiff should have been aware of an actionable claim more than two years before filing a complaint. In *Smith v. Dozier*, No. 5:17-cv-00298-TES-TQL, 2018 WL 3551503 (M.D. Ga. July 24, 2018), plaintiff filed a complaint in July 2017, raising a deliberate indifference claim against prison officials based on their failure to treat his hepatitis C infection. *Smith*, 2018 WL 3551503, at *1-3. Plaintiff alleged he began requesting treatment in 2013—outside the two-year limitations period. *Id.* at *3. The Court dismissed plaintiff's complaint as untimely under the statute of limitations. *Id.* The Court held that plaintiff could not take advantage of the continuing violation doctrine because plaintiff should have been aware of a cause of action when he began requesting treatment more than two years earlier. *Id.* at *2-3. Similarly, in *Cainion v. Valdosta State Prison*, No. 7:15-CV-174-HL, 2017 WL

11

1632875 (M.D. Ga. Apr. 28, 2017), next-of-kin plaintiffs raised, *inter alia*, deliberate indifference claims on behalf of a deceased inmate who was allegedly denied medical care. *Cainion*, 2017 WL 1632875, at *1. The Court dismissed plaintiffs' claims as untimely, holding that they could not take advantage of the continuing violation doctrine because "it [was] apparent that [the inmate] was aware that his rights had potentially been violated as evidenced by his formal and informal grievances to prison officials, as well as the *pro se* complaint he filed in this Court." *Id.* at *5.

Generally, however, this Court has cited *Baker* in permitting plaintiffs to pursue deliberate indifference claims concerning deprivations of medical treatment which began outside the two-year limitations period whether or not plaintiffs were aware of their potential causes of action before the expiration of the limitations period. *See Brown*, 2010 WL 1258028, at *2; *Carswell*, 2016 WL 1237860, at *5-6; *Christian v. Holt*, No. 5:09-CV-351-MTT, 2013 WL 141299, at *1-2 (M.D. Ga. Jan. 10, 2013) (holding that plaintiff's deliberate indifference claim did not accrue until he was transferred to a different prison outside of defendant's care); *Barrett v. Chapman*, No. 3:07-CV-133-CDL, 2008 WL 3992624, at *2 (M.D. Ga. Aug. 26, 2008).

Applying *Baker* here, Plaintiff's complaint was timely by application of the continuing violation doctrine. He alleges his tooth broke and began causing him pain on June 28, 2017—two weeks after Defendant evaluated him and provided him Ibuprofen on June 14, 2017. Resp. to Mot. to Dismiss 9. After June 28, the Ibuprofen no longer alleviated his pain. Pl.'s Surreply 2-3, 5, ECF No. 37. Indeed, on June 30, 2017, Plaintiff

12

filed grievance 247738, arguing that although he had been seen by Defendant on June 14, 2017, he needed additional medical treatment to address his tooth pain.   Mot. to Dismiss Ex. 3, at 7-8.   Plaintiff's grievance was denied, he appealed the denial, and on November 7, 2017, the GDC granted in part his appeal and ordered RSP medical personnel to take "appropriate action" concerning Plaintiff's claims.   *Id.* at 1.   After the partial grant of his grievance, Plaintiff continued to request medical treatment, but he did not receive treatment until his tooth was removed in February 2019.   Resp. to Mot. to Dismiss 7-8 (alleging Plaintiff saw Defendant on February 28, 2018, May 21, 2018, and September 13, 2018).

Based on these allegations, the Court applies the continuing violation doctrine because plaintiff has claimed a "prolonged failure to provide adequate medical treatment despite his repeated grievances." *Baker*, 484 F. App'x at 293.   His alleged repeated denials of medical treatment between June 2017 and February 2019 constitute "the continuation of [a] violation," which extends the limitations period. *Knight*, 19 F.3d at 580-81; *Robinson*, 327 F. App'x at 818-19; *Baker*, 484 F. App'x at 292-93.   Thus, Plaintiff's cause of action did "not accrue until the date medical attention [was] provided[]" in February 2019. *Id.*   Because Plaintiff filed his complaint on February 19, 2020—less than two years after his cause of action accrued—his complaint is timely under the statute of limitations.   The Court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** on this ground.

## III.    Failure to State a Claim

In the alternative, Defendant argues that Plaintiff's claim against her should be

dismissed for failure to state a claim.   Br. in Supp. of Mot. to Dismiss 7-10.   The Court disagrees.

A.      Deliberate Indifference Standard

"The Eighth Amendment's prohibition against cruel and unusual punishments protects a prisoner from deliberate indifference to serious medical needs." *Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (internal quotation marks and citations omitted).   "[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).   "A serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks and citation omitted).   Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted).

Disagreement over the mode of treatment does not constitute deliberate indifference for the purposes of the Eighth Amendment.   *See Hamm v. Dekalb Cnty.*, 774 F.2d 1527, 1575 (11th Cir. 1985) ("[A]n inmate's desire for a different mode of treatment does not rise to the level of deliberate indifference.").   Negligence in

14

treatment, even rising to the level of medical malpractice, is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   Instead, the treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."   *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks and citations omitted).   "[C]onduct deliberately indifferent to serious medical needs has included: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all."   *Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Medical care so inappropriate as to evidence intentional maltreatment or refusal to provide essential care violates the eighth amendment.").

B.     Defendant's Motion

Defendant argues Plaintiff fails to state a claim because he does not allege that Defendant acted with deliberate indifference.   Br. in Supp. of Mot. to Dismiss 9-10. Specifically, Defendant claims Plaintiff fails to show that she knew of and disregarded Plaintiff's dental needs because he did not place any sick-call requests between June 14, 2017, and June 30, 2017—when he filed his grievance.[2]   *Id.* at 9.   Defendant has attached copies of Plaintiff's medical records and cites them in support of her motion to dismiss. *See* Mot. to Dismiss, Ex. 4, at 1-21, ECF No. 28-6.   "At the 12(b)(6) stage, we 'primarily

---

[2]  Defendant does not argue that Plaintiff fails to allege a serious medical need.   *See Farrow*, 320 F.3d at 1243.   Accordingly, the Court has assumed that Plaintiff's tooth pain constitutes a serious medical need.

consider the allegations in the complaint,' but '[t]he court is not [always] limited to the four corners of the complaint.'"   *Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 376-57 (3d ed. 2004)).   "[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

Even assuming the Court may consider these records, Defendant fails to show that Plaintiff fails to state a claim.   According to Plaintiff, he saw Defendant on June 14, 2017, concerning his tooth pain, and Defendant told him his teeth only needed to be cleaned and provided him Ibuprofen for his pain.   Compl. 6; Resp. to Mot. to Dismiss 9.   Plaintiff alleges that his tooth broke on June 28, 2017, the Ibuprofen no longer alleviated his pain, he needed further treatment, and Defendant failed to treat him.   Compl. 6; Resp. to Mot. to Dismiss 9.   Two days later, on June 30, 2017, Plaintiff filed a grievance seeking additional treatment.   Mot. to Dismiss Ex. 3, at 7-8.   Plaintiff's grievance was denied, he appealed the denial, and on November 7, 2017, the GDC granted in part his appeal and ordered RSP medical personnel to take "appropriate action" concerning Plaintiff's claims. *Id.* at 1.   Plaintiff maintains he saw Defendant on at least three occasions after his grievance was granted in part, but Defendant did not treat his tooth.   Resp. to Mot. to

Dismiss 10.  He did not receive treatment until February 2019—approximately fifteen months after his grievance was partially granted.  *Id.*

Based on his multiple visits with Defendant after his tooth broke, Plaintiff has alleged that Defendant knew of his serious medical need.  *Mann*, 588 F.3d at 1306-07. He has also alleged that Defendant "disregard[ed] . . . that risk . . . by conduct that is more than mere negligence[]" by refusing to provide any treatment between June 14, 2017, and February 2019.  *Brown*, 387 F.3d at 1351.  Defendant asserts that Plaintiff fails to state a claim because Defendant provided him Ibuprofen on June 14.  "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not support a claim for deliberate indifference. *Harris*, 941 F.2d at 1505.  Plaintiff, however, has alleged that his condition worsened after this date, he met with Defendant thereafter, but Defendant failed to further address his condition.  Resp. to mot. to Dismiss 10.  "[M]edical care that is so cursory as to amount to no treatment at all[]" constitutes deliberate indifference.  *Melton*, 841 F.3d at 1223. Plaintiff has alleged cursory or nonexistent medical treatment after June 14, 2017, and, if proven, this would constitute deliberate indifference.  The Court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** on this ground.

## IV.    Punitive Damages

Defendant argues that Plaintiff's claim for punitive damages should be dismissed because "where a court has dismissed a plaintiff's underlying tort claim, dismissal of a plaintiff's punitive damages claim is also required."  Br. in Supp. of Mot. to Dismiss 10

(citations omitted).   For the reasons stated above, however, the Court finds that Plaintiff has stated a claim.   Consequently, Defendant fails to show that Plaintiff may not seek a punitive damages claim in this case.   The Court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** on this ground.

## CONCLUSION

For the foregoing reasons, the Court recommends that that Defendant's motion to dismiss (ECF No. 28) be denied.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.   The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 8th day of March, 2021

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

18