IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROBERT RALPH DIPIETRO, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 4:20-cv-00035-CDL-MSH |
| | : | |
| DR LARETHA URETT LOCKHART, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## **ORDER**

Pending before the Court is Plaintiff's motion for an extension of time and for appointment of counsel (ECF No. 47). Plaintiff alleges he needs appointed counsel due to limited access to legal material and delays in receiving legal mail. Pl.'s Mot. for Extension of Time & Appointment of Couns. 1-4, ECF No. 47. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Plaintiff fails to present any extraordinary circumstances justifying the appointment of counsel in this case. He has filed numerous motions, and responses with the Court,

clearly and adequately setting out his arguments. Accordingly, Plaintiff's request for court-appointed counsel (ECF No. 47) is **DENIED**. His request for an extension of time (ECF No. 47) to respond to Defendants' motion for summary judgment, however, is **GRANTED**. Plaintiff shall have through and including February 25, 2022, to file his response.

    SO ORDERED, this 20th day of January, 2022.

                                        /s/ Stephen Hyles
                                        UNITED STATES MAGISTRATE JUDGE