```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

ROBERT RALPH DIPIETRO,           :
                                 :
          Plaintiff,              :
                                 :
     v.                          :
                                 :  No. 4:20-cv-00035-CDL-MSH
Doctor LARETHA URETT             :
LOCKHART,                        :
                                 :
          Defendant.              :

## ORDER

Plaintiff, an inmate currently confined at Rutledge State Prison ("RSP") in Columbus, Georgia, filed a motion for a protective order (ECF No. 63). For the reasons stated below, Plaintiff's motion is denied.

Plaintiff requests an order from the Court, protecting him against retaliation from prison officials for filing grievances and lawsuits against them. Mot. for Prot. O. 3, ECF No. 63. It appears he seeks preliminary injunctive relief. To obtain preliminary injunctive relief, Plaintiff must establish the following:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiff[] outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest.

*Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (internal quotations and citation omitted). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to all four elements." *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1326 (11th Cir. 2001) (internal quotations, alterations, and citations omitted).

Plaintiff does not address these elements in his motion and fails to show he is entitled to preliminary injunctive relief. Plaintiff has not joined any claim or defendant concerning the allegations underlying his motion. Plaintiff's complaint concerned his dental treatment for a toothache administered by Defendant Lockhart. Compl. 6, ECF No. 1. Here, however, Plaintiff seeks protection from Warden James and Officer West for writing grievances concerning Mr. Alexander denying Plaintiff access to the law library. Mot. for Prot. O. 1-2, 3-5. The Court lacks jurisdiction to issue an injunction against a non-party. *See, e.g., Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (declining to find that either the All Writs Act or the Federal Rules of Civil Procedure provide

subject matter jurisdiction when seeking an injunction against a non-party); *Faircloth v. Baden*, No. 1:11-cv-113-WLS, 2012 WL 3202949, at *4 (M.D. Ga. July 9, 2012) ("The Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party.").

For the foregoing reasons, Plaintiff fails to show that he is entitled to preliminary injunctive relief. Therefore, Plaintiff's motion for a protective order (ECF No. 63) is DENIED.

SO ORDERED, this 5th day of July, 2022.

S/Clay D. Land
UNITED STATES DISTRICT JUDGE