IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROBERT RALPH DIPIETRO, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:18-CV-00179-CDL-MSH |
| | : | |
| JAMES F BARRON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Pending before the Court is Plaintiff's motion for reconsideration (ECF No. 68). Plaintiff asks the Court to reconsider its Order (ECF No. 65) denying his motion for a protective order (ECF No. 63). He also asks the Court to reconsider its Order (ECF No. 64) denying his request for appointment of counsel and granting in part and denying in part his motion for extension of time (ECF No. 63). For the reasons stated below, Plaintiff's motion for reconsideration is granted in part and denied in part.

First, Plaintiff requests the Court reconsider its denial of his motion for a protective order. Mot. for Recons. 2, ECF No. 68. He argues the Court did not fully consider the ongoing retaliation he faces for filing grievances. *Id*. at 2-3. While the Court does not take these allegations of retaliation lightly, Plaintiff asserted these claims against Warden Jones, Officer West, and unknown medical staff—none of whom are parties to this lawsuit. *Id*. at 1-3. As previously explained to Plaintiff, "[t]he Court lacks jurisdiction to issue an injunction against a non-party." Order 2, July 5, 2022, ECF No. 65; *see also Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995).

To the extent Plaintiff seeks to overcome this jurisdictional bar by adding a retaliation claim against these individuals, he fails to demonstrate amendment is warranted. Mot. for Recons. 1-3.  Plaintiff's request is governed both by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which addresses joinder of defendants, and Rule 15, which addresses amendment of pleadings. *See Exime v. E.W. Ventures, Inc.*, 250 F.R.D. 700, 700 (S.D. Fla. 2008) (noting that a motion to amend to add a defendant "is simultaneously governed" by Rule 15(a) and Rule 20(a)).  Under Rule 15, a court "should freely give leave [to amend] when justice so requires."[1]  Fed. R. Civ. P. 15(a)(2).  Nevertheless, a district court may deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A court may also deny a party leave to amend where the case has reached an advanced stage, and the proposed amendment would require extensive new discovery. *See Nolin v. Douglas Cnty.*, 903 F.2d 1546, 1550-51 (11th Cir. 1990) (denying leave to amend where parties had completed discovery and prepared for trial, even though the proposed amendment included a claim which would require similar evidence to claim to be tried), *overruled on other*

---

[1] As Defendant moved to dismiss on December 15, 2020—far more than twenty-one days before Plaintiff filed this motion, Plaintiff is not entitled to amend his complaint as a matter of course. Fed. R. Civ. P. 15(a)(1).  Instead, any further amendment requires written consent of the opposing party or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  Defendant has not consented, therefore, Plaintiff may amend only with the Court's leave.

grounds by *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994). The decision to grant or deny leave to amend is within the sole discretion of the district court. *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam).

To the extent Plaintiff seeks to amend his complaint, that request is denied due to undue delay, prejudice, and futility. This case has been pending for over two years, yet only now, long after the close of discovery and while a recommendation to grant summary judgment is pending, does Plaintiff seek to add a claim of retaliation against Warden Jones, Officer West, and the unknown medical staff. Allowing amendment at this late stage would require extensive, additional discovery and would unfairly prejudice the only remaining defendant—Defendant Lockhart. *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (affirming a denial of a motion for leave to amend when the motion was accompanied with a response to the defendants' motion for summary judgment and was filed seven weeks after the close of discovery); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.").

Additionally, Plaintiff's amended claims do not relate to the claims Plaintiff originally asserted. The original complaint asserted a claim of deliberate indifference to serious medical needs in relation to Plaintiff's dental care by Defendant Lockhart. Compl. 6-7, ECF No. 1. The new claims involve different defendants retaliating against Plaintiff. Mot. for Recons. 1-3. Thus, Plaintiff's amendment is futile as the newly asserted claims and defendants do not logically relate to those asserted in his original complaint. *See*

3

*Nichols v. Head*, No. 5:10-CV-71 (HL), 2010 WL 4261395, at *3 (M.D. Ga. Oct. 21, 2010) ("Plaintiff has failed to show a logical relationship between his claim regarding mental health care and his original claim regarding a lack of proper lighting in his cell."); *Williams v. Eves*, No. CV509-102, 2010 WL 1955934, at *2 (S.D. Ga. Mar. 1, 2010) ("Plaintiff has failed to show a logical relationship between his claims against the named Defendants and his claims against the Irwin County Detention Center individuals[.]").

Second, Plaintiff requests the Court reconsider his motion for appointment of counsel. Mot. for Recons. 5. As Plaintiff acknowledges, this is his fifth request for counsel (*See* ECF Nos. 47, 49, 55, 63). The Court denied each of these previous motions (*See* ECF Nos. 48, 50, 56, 64). Plaintiff contends appointed counsel is necessary due to a lack access to the law library and having carpal tunnel in his left hand. *Id*. at 5-6.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id*. In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening

> the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Plaintiff fails to demonstrate extraordinary circumstances warranting the appointment of counsel. While the Court is aware of Plaintiff's continuing difficulty in obtaining law library access, the Court's recommendation to grant summary judgment is due in large part to Plaintiff's failure to assert facts and evidence showing Defendant Lockhart's deliberate indifference to his dental treatment. R. & R. 8-13, June 13, 2022, ECF No. 62. Plaintiff does not require law library access to object to the Court's findings relating to such. Nor does he require access to assist in his request for protection. Mot. for Recons. 2. The Court did not deny that request on Plaintiff's failure to state and address the four elements necessary to obtain preliminary injunctive relief but on the facts as Plaintiff presented them which did not relate to his original claim for relief. Order 2-3, July 5, 2022.

Additionally, Plaintiff's carpal tunnel in his left hand does not demonstrate appointed counsel is necessary. His difficulty writing, though potentially limiting, has not prevented Plaintiff from filing briefs and motions sufficiently setting out his contentions. Thus, Plaintiff's carpal tunnel is not an extraordinary reason justifying appointment of counsel. *See Stokes v. Gul*, No. 6:21-cv-21, 2022 WL 433484, at *1 (S.D. Ga. Feb. 11, 2022) (finding the "[p]laintiff's hand injury" did "not provide a sufficient reason for the Cour to" appoint counsel).

Third and finally, Plaintiff asks the Court to reconsider the amount of time it allowed him to file objections. Mot. for Recons. 6. He argues it "is impossible" to meet the Court's deadline of July 25, 2022, and requests an extension through the end of August, at least. *Id*. Though Plaintiff has now had almost thirty days to object[2] and, instead, has used that time to file miscellaneous motions, the Court will nevertheless grant Plaintiff an additional extension of time. Plaintiff has up to and including **August 15, 2022**, to file objections.

To summarize, Plaintiff's motion for reconsideration (ECF No. 68) is **GRANTED in part** and **DENIED in part**. The Court continues to deny Plaintiff's requests for a protective order and court appointed counsel but grants his request for an extension of time to object.

SO ORDERED, this 21st day of July, 2022.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE

---

[2] In his motion for extension of time to object, Plaintiff indicates he received the Report and Recommendation on June 23, 2022. Mot. for Extension of Time 1, ECF No. 63.