**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **ROBERT RALPH DIPIETRO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 4:20-cv-00035-CDL-MSH** |
| **LOCKHART, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| _____ | : | |

## ORDER

Plaintiff Robert Ralph Dipietro has filed a motion for leave to appeal *in forma pauperis*. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 78. Plaintiff seeks to appeal the judgment in favor of Defendants entered on August 30, 2022. Order, ECF No. 73; J., ECF No. 74. After reviewing the record, the Court enters the following Order.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. Under 28 U.S.C. § 1915,

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Here, Plaintiff has submitted an updated motion for leave to appeal *in forma pauperis*, which demonstrates that he is unable to prepay the appellate filing fee. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 78.

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In this action, Plaintiff originally filed his complaint against five defendants, asserting claims for deliberate indifference to a serious medical need.   Compl. 5-6, ECF No. 1.   Thereafter, the United States Magistrate Judge recommended that all but Plaintiff's deliberate indifference to a serious medical need claim against Defendant Dr. Laretha Urett Lockhart be dismissed without prejudice for failure to state a claim.   Order and R. & R., ECF No. 10.   Over Plaintiff's objections, Obj., ECF No. 16, this Court adopted the Magistrate Judge's recommendations.   Order, ECF No. 25.

Following a series of motions, the Magistrate Judge recommended that summary judgment be granted to Defendant Dr. Lockhart because Plaintiff failed to establish deliberate indifference.   Order and R. & R. 8-13, ECF No. 62.   Plaintiff subsequently objected to the Magistrate Judge's recommendation.   Obj., ECF No. 70; Mot. to Suppl. Obj., ECF No. 71.   Over those objections, this Court adopted the recommendation and granted summary judgment to Dr. Lockhart.   Order, ECF No. 73; J., ECF No. 74.

In his motion for leave to appeal *in forma pauperis*, Plaintiff asserts that he will argue on appeal that this Court erred by concluding that Plaintiff had failed to create a genuine issue of fact with regard to whether Dr. Lockhart was deliberately indifferent insofar as she failed to treat him for fifteen months and failed to comply with a directive from another doctor.   Mot. for Leave to Appeal *In Forma Pauperis* 1, ECF No. 78. Plaintiff disputes the Court's conclusions that he failed to demonstrate a genuine fact issue with regard to whether Dr. Lockhart provided constant care, whether Dr. Lockhart observed pain, and whether there was evidence of pain.   *Id.*   Finally, Plaintiff intends to

3

make arguments about Dr. Lockhart's definition of "OL" and Plaintiff's need for access to legal research to respond to the recommendations regarding summary judgment. *Id.*

Having considered these arguments, this Court concludes that Plaintiff has not identified a non-frivolous issue for appeal because Plaintiff failed to raise a genuine issue of fact with regard to whether Dr. Lockhart deliberately disregarded a serious risk of harm to Plaintiff. Moreover, this Court's independent review of the record demonstrates that Plaintiff's appeal is frivolous. The appeal, therefore, is not brought in good faith. Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this **9th** day of **November, 2022**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

4